[Civil No. 1073.   Filed March 20, 1909.]

[100 Pac. 441.]

IRA E. SALLADAY, as Father of KATIE SALLADAY, an Infant, Deceased, for the Use and Benefit of the Estate of Said Deceased Infant, Plaintiff and Appellant, v. OLD DOMINION COPPER MINING COMPANY, a Corporation, Defendant and Appellee.

1. NEGLIGENCE—DANGEROUS PREMISES—PLACES ATTRACTIVE TO CHILDREN.—An unprotected open flume maintained by defendant on its own land was not such a dangerous appliance attractive to children as to render defendant liable for the death of plaintiff's infant child, three years and nine months of age, by being carried down the flume while playing near the same as a trespasser.

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for the County of Gila. Frederick S. Nave, Judge. Affirmed.

The facts are stated in the opinion.

Allred & Whitcher, for Appellant.

The amended complaint states facts sufficient to constitute a cause of action under our statutes. The general demurrer of the appellee admits all matters of fact alleged and all deductions and conclusions which by reasonable intendment naturally arise from the facts admitted. *Phoenix Nat. Bank* v. *A. B. Cleveland Co.*, 34 N. Y. St. Rep. 498, 11 N. Y. Supp. 873; *Marie* v. *Garrison*, 83 N. Y. 14; *Milliken* v. *W. U. Tel. Co.*, 110 N. Y. 403, 18 N. E. 251, 1 L. R. A. 281; *Hyde* v. *Moffatt*, 16 Vt. 271.

It is negligence to maintain on open, uninclosed and accessible premises, where the presence of young children may be reasonably anticipated, any machine or instrumentality which is attractive and alluring to such children and at the same time dangerous to them, without taking reasonable precautions to guard or render harmless such machine or instrumentality, or to guard the premises on which same is situated so as reasonably to prevent the intrusion of such children thereon; and for an injury to a young child attracted by and to such a machine or instrumentality, located and situated as above set forth, and inflicted upon such child by such machine or instrumentality in the absence of such precautions on the part of its proprietor, an action for damages lies. *Sioux City & P. R. Co.* v. *Stout*, 17 Wall. 657, 21 L. Ed. 745; *Ferguson* v. *Railway Co.*, 77 Ga. 102; *Kansas Cent. Ry. Co.* v. *Fitzsimmons*, 22 Kan. 686, 31 Am. Rep. 203; *Keffe* v. *Railway Co.*, 21 Minn. 207, 18 Am. Rep. 393, cited and approved in *Union Pac. Ry. Co.* v. *McDonald*, 152 U. S. 262, 14 Sup. Ct. 619, 38 L. Ed. 434, 440; *Walsh* v. *Fitchburg R. Co.*, 78 Hun, 1, 28 N. Y. Supp. 1097; *Gulf etc. Ry. Co.* v. *Styron*, 66 Tex. 421, 1 S. W. 161; *Price* v. *Atchison Water Co.*, 58 Kan. 551, 62 Am. St. Rep. 625, 50 Pac. 450; *Franks* v. *Southern Cotton Oil Co.*, 78 S. C. 10, 58 S. E. 960, 12 L. R. A., N. S., 468.

Herring, Sorin & Ellinwood, for Appellee.

The question presented by this appeal is whether the amended complaint states facts sufficient to constitute a cause of action. A demurrer does not admit a conclusion of law stated in the pleading demurred to, unless it follows from material facts well pleaded. Abbott's Brief on Pleadings, 61,

and cases cited. An allegation of defendant's duty is of no avail unless from the rest of the complaint the facts necessary to raise the duty can be collected. *City of Buffalo* v. *Halloway,* 7 N. Y. 493, 498, 57 Am. Dec. 560; 12 Ency. of Pl. & Pr. 1040; *Leadville Water Co.* v. *City of Leadville,* 22 Colo. 297, 45 Pac. 362, and cases cited.

It will be presumed upon demurrer that the plaintiff has stated his case as strongly as it can be stated. *Smith* v. *Security L. & T. Co.,* 8 N. D. 451, 79 N. W. 981. Facts not alleged are, on demurrer to the complaint, assumed not to exist. *Supply Ditch Co.* v. *Elliott,* 10 Colo. 327, 3 Am. St. Rep. 586, 15 Pac. 691, 693. Nothing is assumed in favor of plaintiff which he has not averred, for the law does not presume that the plaintiff's pleadings are less strong than the facts of the case will warrant. *Cruger* v. *Hudson River R. R. Co.,* 12 N. Y. 190, 201; *Smith* v. *Buttner,* 90 Cal. 95, 100, 27 Pac. 29.

There is no allegation that the flume was defective in its construction or out of repair. There is no allegation in the complaint which charges that the defendant made any other use of this flume than others ordinarily do throughout the country. No implied invitation exists, as a matter of law, where the owner merely makes such use of his property as others ordinarily do throughout the country. *Driscoll* v. *Clark,* 32 Mont. 172, 80 Pac. 1, 373, and cases cited; *Dobbins* v. *Railway Co.,* 91 Tex. 60, 66 Am. St. Rep. 856, 41 S. W. 62, 38 L. R. A. 573; *Williamson* v. *Gulf etc. Ry. Co.,* 40 Tex. Civ. App. 18, 88 S. W. 279.

KENT, C. J.—This is an action to recover damages for injuries causing the death of an infant of the age of three years. The complaint alleges, in substance: That near the house where the child resided with her parents there was an uninclosed lot, where the child and other children were permitted to go, and did go with the knowledge of the defendant, and that such uninclosed lot was a safe place. That thereafter the defendant company negligently erected thereon a certain open flume about two feet across the top, U-shaped, and about six hundred feet long, which was partly constructed and built upon high trestles, and was open, uninclosed, uncovered, exposed, and in a dangerous condition and position, all of which was known to the defendant. That the flume had a rapid fall,

and that the defendant negligently conveyed and caused to be run therein a rapid stream of water, which was negligently flowed and run by the defendant in the flume, at the end thereof falling therefrom a distance of fifteen feet or more. That the children of the neighborhood were accustomed and permitted to play without obstruction of any kind from the defendant upon all the open and uninclosed ground wherein said flume was situated, both before and after the erection of the flume, and that such flume was located along, over, and adjoining said ground in immediate proximity to the residence of the said child.   That by reason of the rapid stream of water run therein and the rapid fall of the flume and the height of the flume at the end thereof, and by reason of the uncovered and unguarded condition thereof, said flume was an instrumentality extremely dangerous to young children engaged in play upon said open and uninclosed ground near the flume, and was calculated and capable of inflicting upon such children grievous bodily harm.   That by reason of the rapidly moving stream of water constantly flowing in said open flume, said flume was an object attractive and enticing to children, and constituted an allurement, inducement, and invitation to children to frequent said flume and the open ground and banks along the same for the purpose of amusement and play, and that the children of the vicinity were in the habit of frequenting the said flume and the banks and open ground along the same for the purpose of amusement and play.   That said flume, by reason of the stream of water flowing therein and the uninclosed and exposed condition of the flume and its location, was then and there a dangerous instrumentality likely to inflict injury or death on young children attracted thereto or falling therein, all of which the defendant knew.   That it was the duty of the defendant to maintain about and upon said flume a proper inclosure, covering, or other safeguard to prevent children playing in such open ground and along the banks of such gulch or flume from falling or being drawn into the water flowed therein, and to keep them from danger of injury or death by falling into said open and unguarded flume; but that the defendant, wholly neglecting its duty, neglected and carelessly failed to provide such inclosure, cover, or guard, and permitted said flume to remain and be uninclosed, unguarded, and open, so that children could pass freely onto

and across said open and uninclosed ground to said flume as
they had theretofore been accustomed to do, and that children,
allured, enticed, and invited to said flume by reason of the
attraction of said running stream of water, might come at said
flume without obstruction or hindrance of any kind. That
upon a certain specified day the infant Katie Salladay, being
then of the age of three years and nine months, being then
and there lawfully upon said open and uninclosed ground
near said open and uncovered flume engaged in play, and
being then and there enticed, drawn, and invited to said open
and uncovered flume by the allurement of said rapid running
stream of water flowed therein by defendant, fell into said
open flume and was then and there, by the force of the stream
then and there being negligently run and conveyed therein
by the defendant, carried, borne along and through said flume
to the end thereof, and there, by the force of the stream, vio-
lently thrown and hurled from the flume upon the rocks below,
and thereby received wounds from which she died, to the dam-
age of the plaintiff as father of the child in the sum of $5,000.
To this complaint a general demurrer was interposed, which
was sustained by the court, and from the judgment entered
thereon the plaintiff has appealed.

The question for our determination is whether, as claimed
by the appellant, the facts set forth in the complaint bring
this case within the decision of the so-called "Turntable Case"
(*Sioux City etc. Ry. Co.* v. *Stout*, 84 U. S. 657, 21 L. Ed. 745),
or the subsequent case of *Union Pac. Ry. Co.* v. *McDonald*, 152
U. S. 262, 14 Sup. Ct. 619, 38 L. Ed. 434. If so, these de-
cisions being binding upon this court, the demurrer should
not have been sustained, and we should reverse the judgment
of the court below. The so-called "turntable decision," as
announced in the Stout case, is to the effect that where a child,
so young as not to realize the danger, and a technical tres-
passer, is injured while playing upon a turntable upon the
railroad company's premises, which the railroad company,
knowing its attraction to children, has negligently left un-
locked, the company is liable in damages for such injuries,
where by reasonable care the danger might have been obviated.
In the McDonald case the railroad company had failed, as re-
quired by statute, to fence in a burning slack pit which on its
surface presented no sign of danger, and the company was

held liable for the injuries received by a child who fell therein. It is readily distinguishable from the case at bar. There are many more than a hundred cases where the doctrine of the turntable case has been followed, repudiated, or distinguished. Over fifty of them are cited in the case of *Wheeling etc. Ry. Co.* v. *Harvey,* 77 Ohio St. 235, 122 Am. St. Rep. 503, 83 N. E. 66. Many others may be found collated and commented upon in various valuable notes in the American and English Annotated Cases (vol. 5, p. 377; vol. 7, p. 200; vol. 11, pp. 901, 990). It would be profitless to attempt to review these decisions here. Broadly speaking, they may be divided into four classes: (1) Where the turntable doctrine is entirely repudiated; (2) Where the doctrine is accepted, but confined to turntables or to attractive dangerous machinery; (3) Where it is held to cover various latent and hidden dangers; (4) Where it is held to cover, or is extended to, cases of patent and visible alluring dangers other than those arising from mechanical appliances, defective or otherwise. The case at bar is one where the facts are such as are found in the fourth of the above classifications, and the question for our determination is whether the turntable decision should be held to cover such a case, or, if not, whether we should extend the doctrine to cover such a case.

As to the latter question, we are clearly of the opinion that it should not be extended. It is a matter of common knowledge that alluring and attractive flumes, such as the one in question in this case, carrying running water, are extensively used in this territory, not only by miners in the necessary and proper conduct of their business, but by farmers in the necessary diversion and application of the public streams to a beneficial use upon their lands in the cultivation of their crops. Not only flumes, but irrigation ditches, large and small, similar in purpose, construction, and use, and equally dangerous and alluring to the child, are to be found throughout the territory wherever cultivation of the land is carried on, and such conduits, practically impossible to render harmless, are indispensable for the maintenance of life and prosperity. There is no distinction that properly can be drawn for liability for injuries received by a child from any of such various means of diversion or use of water. Both as a matter of law and as a matter of public policy we feel that the so-called ''turntable

doctrine'' should not be extended to cover such a case as is here presented.

The question whether or not such a case as this is within the holding in the Stout case, without any extension of the law there declared, is more difficult of solution. Logically there would seem to be no distinction to be drawn between liability for injuries received by a young child by means of an alluring, dangerous turntable maintained by a railroad company, and injuries received by such a child from any alluring and dangerous mechanism or object maintained by any person on his land—and practically nearly every dangerous mechanism or object is alluring to the child. If the Stout case is to be considered as the annunciation of a doctrine of the liability of persons for such injuries to young children, the logical result of such doctrine would seem to be that every land owner must, at his peril, render his premises, as has been said, "child proof"; but the decision in the Stout case was not a decision announcing a new rule of law, but it was an innovation upon the theretofore accepted rule that a land owner is not liable for the visible condition of his premises to one who enters upon them without permission. It is therefore an exception to a well-known rule of law, rather than in itself a rule of law. Whatever may seem to be the logical deduction that can be drawn from such exception to the rule, when applied to other conditions and circumstances, we do not believe it was the intention of the supreme court of the United States by its decision to include in such exception to the rule all cases of such injuries, however occasioned. The Stout case being an exception to the rule, we are inclined to confine the extent of the decision therein to conditions where the land owner has neglected some usual or customary precaution, or where the danger to be guarded against was temporary or unexpected, or not entirely open to observation—such conditions as the supreme court had before it and has passed upon in the two cases cited—and to hold that the decision does not reach cases where the danger is not only obvious, but where the object itself from which the danger arises is of such a character that, as has been said, "from the reason of the thing and the customs of the community the defendant was entitled to assume that the plaintiff's natural guardians would protect him from any dangers attached thereto as they easily could and ought to

have done." We hold that upon the facts set up in the complaint this was not a case covered by the turntable decision, but one rather which comes within the general rule of liability and within the construction adhered to in the following cases somewhat similar in their facts: *Sullivan* v. *Huidekoper,* 27 App. D. C. 154, 5 L. R. A., N. S., 263; *McCabe* v. *American Wooden Co.* (C. C.), 124 Fed. 283, affirmed, 132 Fed. 1006, 65 C. C. A. 59; *Swarts* v. *Akron Co.* (reported with *Wheeling Co.* v. *Harvey*), 77 Ohio St. 255, 122 Am. St. Rep. 503, 83 N. E. 66; *Stendal* v. *Boyd,* 73 Minn. 53, 72 Am. St. Rep. 597, 75 N. E. 735, 42 L. R. A. 288.

The judgment of the district court is affirmed.

SLOAN, DOAN, and CAMPBELL, JJ., concur.

NOTE.—As to attractive nuisances, see note to *Cahill* v. *E. B. & A. L. Stone & Co.* (Cal.), 19 L. R. A., N. S., 1094.