[Civil No. 4113. Filed November 6, 1939.]

[95 Pac. (2d) 569.]

CITY OF GLENDALE, a Municipal Corporation, Appellant, v. TRESSIE SUTTER, Appellee.

Mr. A. C. McKee and Mr. Allen K. Perry, for Appellant.

Mr. Jay Sigworth, for Appellee.

ROSS, C. J.—The plaintiff Sutter sued for and recovered damages of the City of Glendale for personal injuries she sustained from stubbing her foot against and falling into a cement irrigation box located in a public alley of the city in the rear of her home and premises, and the city has appealed.

From the allegations of the complaint it appears that several years before the accident the defendant had laid an underground conduit along such alley to convey water, and had erected at convenient points and adjacent to lots cement irrigation boxes, about 22x18 inches, through which the water was diverted to lot owners for irrigation purposes. We quote that part of the complaint setting forth the particular acts of negligence made the basis of the right to recover:

"That the defendant has at all times herein mentioned, and does at this time, wilfully and wantonly neglect and refuse, to in any manner cover any of the said concrete boxes or in any manner protect the traveling public from falling into the same.

"That on the 25th day of July, 1938, the said concrete irrigation box, a part of the said irrigation conduit aforementioned, situated in the alley at the rear of the aforementioned property belonging to this plaintiff was *open and uncovered* and extended four to six inches above the surface of said alley and was overgrown by grass and weeds and ever since that time has been in the same condition and is now in the same condition. (Italics ours.)

"That on the said 25th day of July, 1938, after dark of said day, this plaintiff, for the purpose of emptying table scraps into a garbage container at the rear of her said property, entered said alley and, knowing said concrete box existed, moved with great caution and care, stooping over extending her right hand and arm toward the earth searching for said concrete box. In so doing she struck the side of said concrete box with her foot and over-balanced forward, her right hand and arm going down into the open irrigation box, due to no cover being on and over said concrete irrigation box, her body falling forward so that she struck the opposite side of said concrete irrigation box with her full weight on her right temple, . . . ''

The defendant's answer was a general denial. After the plaintiff had introduced her evidence, the defendant moved for a directed verdict on the grounds, among others, that (1) the complaint fails to state a cause of action and (2) the proof fails to establish any negligence of defendant. Plaintiff testified in her own behalf on direct examination as follows:

"Well, I went to take table scraps out to the container, the garbage bucket or tub, and as I stepped outdoors I noticed it being dark, but I thought I knew my way all right. . . .

"And as I went out I knew that box was there, very cautiously I felt around, and I knew the tub was on the south of the box, and I knew that it was there, and I felt around so I would work around it, and I was leaning over, feeling for it very cautiously, so as to get around it, and not step into it, because I knew it was open, and by doing that, leaning over with your arms, feeling around for it to walk around, to put my garbage in the tub, my toe hit on the side of the box, the cement, and of course I had the pan of garbage

in one hand, and I was leaning over, feeling with this other hand, and as my toe hit the side of it I slipped into it. . . . ''

On cross-examination she said she knew of the existence of the cement box; that she had seen it many times in taking garbage out to the alley; that it was about 8:30 at night when she went out with the garbage and ''very dark'' and that while she was feeling around she fell in the box. There was no evidence that the box was ''overgrown by grass and weeds'' but on the contrary the box could be plainly seen in daylight.

While defendant has assigned other actions of the court as also misconduct of counsel for plaintiff as error, we think the only point necessary to be decided is whether it was error not to grant the motion for a directed verdict on the grounds stated.

The all-important question is, was it negligence for the defendant city to erect the irrigation box in the alley, or to fail to cover such box? It appears that formerly plaintiff and other lot owners procured water to irrigate their lawns and premises from an open ditch running along the alley, and we assume that an underground system was substituted for the obvious reason that it eliminated the danger of surface water to children and others, and otherwise improved the looks and use of defendant's alleys. After the change, these irrigation boxes took the place of headgates formerly used in surface ditches to divert water to lot owners. They are absolutely essential to a proper enjoyment by the property owner of a valuable right. The one plaintiff fell into was erected specially for her lot.

Every city and town in the Salt River Valley, we believe, has made the change from open ditches to underground conduits, and has installed, or required the property owner to install, diversion

boxes on the general plan of those in Glendale. There is no allegation or proof that the diversion box was defectively constructed. We hardly think it would be contended that it was negligence *per se* for the city to erect adjacent to her lot and for her convenience the diversion box and leave it uncovered. Owing to the peculiar problems indigenous to the desert country, where all gardening, farming and cultivation are carried on by irrigation, this court has adopted the rule that it is not negligence to carry water for farming purposes in an open ditch or open flume. Running water, as we all know, is very attractive not only to children but grownups, especially in the warm summer months. In *Salladay* v. *Old Dominion Copper Mining Company,* 12 Ariz. 124, 100 Pac. 441, 442, the question was as to whether the defendant was liable for damages for the death of a child drowned in an open and uncovered flume used by it to carry water to its mine. The plaintiff in that case did not contend the defendant's act was actionable negligence generally, but invoked the attractive nuisance rule under which infants are sometimes permitted to recover for injuries where mature persons may not. We went further than to hold that such rule should not apply to irrigation and mining and said, in effect, that farming and mining are so essential to the prosperity and welfare of the state that it was against public policy to make the construction and maintenance of open canals, ditches, flumes, and "various means of diversion" for irrigation a ground of negligence. We said:

". . . It is a matter of common knowledge that alluring and attractive flumes, such as the one in question in this case, carrying running water, are extensively used in this territory, not only by miners in the necessary and proper conduct of their business, but by farmers in the necessary diversion and application of the public streams to a beneficial use upon

their lands in the cultivation of their crops. Not only flumes but irrigation ditches, large and small, similar in purpose, construction, and use, and equally dangerous and alluring to the child, are to be found throughout the territory wherever cultivation of the land is carried on, and such conduits, practically impossible to render harmless, are indispensable for the maintenance of life and prosperity. There is no distinction that properly can be drawn for liability for injuries received by a child from any of such various means of diversion or use of water. Both as a matter of law and as a matter of public policy we feel that the so-called 'turntable doctrine' should not be extended to cover such a case as is here presented.''

 It is a known fact that open ditches and canals are scattered all over the Salt River Valley and that irrigation boxes of the kind used in Glendale are used to divert water to farms, and in the cities and towns to the lot owners where the water is conveyed to them by underground conduits, and that sometimes they are covered with boards and sometimes they are not covered.

In some circumstances one injured by coming in contact with a permanent structure, such as an irrigation box in an alley, might have a cause of action, if he had no previous knowledge of its existence nor any warning, but the action here is not based on negligence for failure to give notice or warning to plaintiff, and could not be for it is shown plaintiff knew all about the box and its location and use. It is shown to have been erected for her lot and presumably had been used by her to divert water to her premises.

 Another reason urged on us to reverse the judgment is that the complaint's facts show that, if the city was negligent in not covering the irrigation box, plaintiff was injured because of her own negligence. In other words, she was guilty of contributory negligence and should not for that reason be

permitted to recover. Nothing could be plainer than that if plaintiff had used ordinary care she would not have stubbed her toe and fallen. Ordinary care would have suggested that she light her way by a flashlight, candle, torch, or even a match, rather than blindly grope for the garbage container in the dark, as she did. We find it unnecessary to enter upon a discussion of contributory negligence and the rule governing when it is an issue, since we think there is a total failure to show that the city breached any duty it owed plaintiff.

The judgment is reversed and the cause remanded with directions that the complaint be dismissed.

LOCKWOOD and McALISTER, JJ., concur.