506 P.2d 263

**Wenceslao RODRIQUEZ and Helen Rodriquez, his wife, Appellants,**

**v.**

**SALT RIVER VALLEY WATER USERS' ASSOCIATION, an Arizona corporation, Appellee.**

**No. I CA–CIV 1871.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 20, 1973.

Rehearing Denied March 16, 1973.

Review Denied April 17, 1973.

Ash & Reeb, by Fred J. Ash and Brian W. Hendrickson, Mesa, for appellants.

Jennings, Strouss & Salmon, by J. A. Riggins, Jr. and M. Byron Lewis, Phoenix, for appellee.

HAIRE, Judge.

On this appeal the parents of a four year old boy who drowned in one of the appellee's canals challenge the trial court's order dismissing their complaint seeking damages for wrongful death. The drowning occurred when the boy accidentally fell into appellee's canal at a diversion gate and apparently was drawn underwater by the current created by the release of water through the gate. We find it unnecessary to consider in detail appellants' contentions, inasmuch as the trial court correctly applied the existing law of this state concerning the duty owed to the public by the owner of an irrigation canal and the canal's appurtenant diversion facilities.

In Hersey v. Salt River Valley Water Users' Association, 10 Ariz.App. 321, 458 P.2d 525 (1969), we considered arguments that this state's prior decisional law should be changed, stating:

"It might well be that with the developing concentration of population and the increase of traffic along our public highways, a countervailing public policy has developed which would require that the immunity granted in *Salladay* [Salladay v. Old Dominion Copper Mining Co., 12 Ariz. 124, 100 P. 441] be tempered. However, even if such is the case, this court is bound by the prior decisions of the Arizona Supreme Court until changed by that court."

Recently, in Dombrowski v. Maricopa County Municipal Water Conservation District No. 1, 108 Ariz. 275, 496 P.2d

**224**

136 (1972), the Arizona Supreme Court indicated that in a proper case it might consider whether the continuing urban development in Arizona would require it to modify its previous decisions in this field of the law. However, the privilege of modification of the principles of law announced in prior Arizona Supreme Court decisions does not extend to this Court. McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968).

Affirmed.

JACOBSON, Chief Judge, Division 1, and EUBANK, Presiding Judge, Department B, concur.