524 P.2d 964

**Viron Audley ELKINS, Appellant,**

v.

**ROOSEVELT WATER CONSERVATION DISTRICT, Appellee.**

No. I CA–CIV 2193.

Court of Appeals of Arizona,
Division 1,
Department A.

Aug. 1, 1974.

Rehearing Denied Sept. 16, 1974.

Review Denied Oct. 15, 1974.

Hughes & Hughes, P. C., by Coit I. Hughes, Phoenix, for appellant.

Udall, Shumway, Blackhurst, Allen, Bentley & Lyons, P. C., by John H. Lyons, Mesa, for appellee.

OPINION

OGG, Judge.

In this appeal we must determine if a Water Conservation District is entitled to negligence immunity under the doctrine of Salladay v. Old Dominion Copper Co., 12 Ariz. 124, 100 P. 441 (1909).

The parents of Viron Marcus Elkins, a sixteen year old boy, filed a wrongful death action against the defendant-appellee Roosevelt Water Conservation District. The trial court granted defendant's motion

for summary judgment with a finding that the Water Conservation District had an immunity from such a negligence action. The Elkins filed this appeal.

The undisputed facts show the decedent Viron Marcus Elkins and two companions were swimming in an open weir box adjoining a canal. The decedent, while climbing on a catwalk next to an electric transformer, started to fall, grabbed a cable and was electrocuted. The east side of the area occupied by the transformer units was guarded by wire screening but the west side of the area was open. There were no warning signs advising the public of any danger from high voltage. The Conservation District's canal, weir box and transformer equipment were located in an area six-tenths of a mile from the nearest paved road and some quarter-mile distance from the nearest residence.

The Elkins allege they have established negligence on the part of the Conservation District and that the Conservation District should not have been granted summary judgment. The Elkins make a persuasive argument that the Salladay immunity established in 1909 has no application to our present conditions and that the increased urbanization of our State demands that an irrigation district should be made responsible for its negligence. They maintain that the old public policy to encourage the irrigation of our arid desert land is no longer needed and with liability insurance now readily available the irrigation districts can adequately protect themselves from the consequences of any negligence. They also point out that the decision of Stone v. Arizona Highway Commission, 93 Ariz. 384, 381 P.2d 107 (1963) swept away the doctrine of governmental immunity leaving only irrigation districts with negligence immunity. They allege there can be no rational legal basis for cancellation of governmental immunity and the retention of immunity for irrigation districts.

The negligence immunity granted to irrigation districts had its judicial genesis in the case of Salladay, supra, and a long line of Arizona cases have followed and enlarged upon the original immunity doctrine.

Ramada Inns, Inc. v. Salt River Valley Water Users Association, 111 Ariz. 65, 523 P.2d 496 (1974); Dombrowski v. Maricopa County Municipal Water Conservation District No. 1, 108 Ariz. 275, 496 P.2d 136 (1972); Lee v. Salt River Valley Water Users Association, 73 Ariz. 122, 238 P.2d 945 (1951); Rodriquez v. Salt River Valley Water Users Association, 19 Ariz. App. 223, 506 P.2d 263 (1973).

In Dombrowski, supra, the Arizona Supreme Court indicated that in a proper case it might consider whether the continuing urban development in Arizona would require a modification of its prior decisions in this field of law. The Court of Appeals cannot modify prior Arizona Supreme Court decisions. McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968).

The judgment of the trial court is affirmed.

DONOFRIO, P. J. and STEVENS, J., concur.