591 P.2d 74

**Sandra PARTIN, Plaintiff-Appellant,**

**v.**

**Daniel C. OLNEY and Jane Doe Olney, Olney, Levy, Kaplan & Tenner, a Professional Corporation, Defendants-Appellees.**

**No. 2 CA–CIV 2969.**

Court of Appeals of Arizona, Division 2.

Dec. 21, 1978.

Rehearing Denied Jan. 31, 1979.

Echeverria & Parker by Myrna J. Parker and Oliver H. Maud, Jr., Casa Grande, for plaintiff-appellant.

Burch, Cracchiolo, Levie, Guyer & Weyl, P. A. by Jack Daniel Klausner, Phoenix, for defendants-appellees.

## OPINION

RICHMOND, Chief Judge.

This is an appeal from a judgment dismissing a legal malpractice action, which arose out of defendants' representation of plaintiff in a previous action for the wrongful death of her six-year-old son who drowned in an irrigation canal. The dismissal was based on a finding that there was no liability in the prior case. Plaintiff disputes that finding.

Affidavits presented by plaintiff in opposition to the defendants' motion to dismiss were not excluded by the trial court, so the dismissal was in the nature of summary judgment. 16 A.R.S. Rules of Civil Procedure, rules 12(b) and 56. In determining the propriety of granting summary judgment, the evidence and inferences must be viewed in a light most favorable to the party opposing the motion. *Boyle v. City of Phoenix*, 115 Ariz. 106, 563 P.2d 905 (1977). Viewed in that light, the facts present a material issue as to liability in the previous action, and the malpractice case should not have been dismissed.

Plaintiff's complaint alleges that in May, 1972, she employed defendants to prosecute an action against any and all persons who might be liable for the wrongful death of her minor son, and that defendants thereafter filed a complaint against Andy D'Arrigo, individually and dba D'Arrigo Bros., Inc., Deavid Pretzer, Bill Jones, and various

fictitiously named defendants; that the defendant lawyers, by the exercise of due diligence and skill, could have obtained final judgment in favor of plaintiff but so negligently conducted the action that it was dismissed by judgment entered December 15, 1975, and that the lawyers negligently failed to appeal or advise plaintiff of her right to appeal from the dismissal.

Defendants attached to their motion to dismiss a copy of a minute order in the earlier case, which specified three reasons for its dismissal:

1) The action has abated as to all parties but Andy D'Arrigo because Summons as to them was not issued and served within one year after filing of the complaint, Rules of Civil Procedure 6(f);

2) The cause of action asserted in the "Amended Complaint" is barred by the Statute of Limitations, A.R.S. 12–542; and

3) In Arizona, a landowner is not liable for injury resulting from the construction or maintenance of an irrigation ditch on his property.

For purposes of their motion, defendants conceded that the first two reasons "seem point to absolute negligence," but argued that the third and final reason is controlling because the complaint and amended complaint, even if timely filed and served, would have been dismissed for failure to state a claim upon which relief could have been granted.

Plaintiff attached to her opposition to the motion an affidavit in which she stated that she and her former husband and two sons had resided for approximately two years prior to April 21, 1972, in a residence leased from D'Arrigo Brothers; that on or about April 21, 1972, the D'Arrigo Brothers constructed an irrigation sump canal adjacent to the premises on which plaintiff and her family resided; that she was never notified of the canal construction and did not know of it prior to April 23, on which date one of her sons fell into the canal and drowned at approximately 8:15 a. m.; that plaintiff was informed the following day by Bill Jones, manager for D'Arrigo Brothers, that he had seen her minor sons playing on the bank of the canal at approximately 8:00 a. m. on April 23, "just prior to turning the water into said canal, but neither warned the boys nor their parents nor requested the boys to leave."

In her affidavit, plaintiff also stated that she had hired a private investigator "to conduct an investigation of the area" and that loose dirt was piled steeply on one side of the canal, approximately 12 feet high, measured from the water; that she had advised defendant Daniel C. Olney of her conversation with Bill Jones; that she was notified by Olney of the dismissal of the action approximately six months after the December 15 minute order, and that she was never advised by Olney of her right to appeal, nor of the possibility of the success of such an appeal.

In its order granting defendants' motion, the trial court expressly found "that the 'doctrine of immunity from liability for injuries resulting from the construction or maintenance of an irrigation ditch on an owner's property' precluded the plaintiff from recovery in the suit which the plaintiff claims defendants handled negligently." If so, plaintiff cannot establish the essential element of damage in her malpractice action and it was properly dismissed. *Harding v. Bell*, 265 Or. 202, 508 P.2d 216 (1973). The question thus presented is whether the doctrine on which the trial court relied applies to the facts of the earlier case as alleged by plaintiff in her complaint and affidavit. Whether or not those facts were before the court in the earlier case at the time of its dismissal is immaterial, in view of the allegation in plaintiff's affidavit that they were made known to defendant Olney and thus would have been available to defendants in resisting the motion to dismiss the wrongful death action.

It is a rule of long standing in Arizona that the attractive nuisance doctrine is inapplicable to irrigation canals. *Salladay v. Old Dominion Copper Mining Company*, 12 Ariz. 124, 100 P. 441 (1909). This immunity from liability for negligence as to trespassing children has been extended to elimi-

nate the construction and maintenance of irrigation canals as a ground of negligence. *City of Glendale v. Sutter*, 54 Ariz. 326, 95 P.2d 569 (1939). Such broad immunity was recognized most recently, although held inapplicable to the facts, in *Harris v. Buckeye Irrigation Company*, 118 Ariz. 498, 578 P.2d 177 (1978).

█ In this case, however, the facts asserted in plaintiff's affidavit provide a basis for liability over and above that resulting from negligence in the construction or maintenance of an irrigation ditch. The allegations regarding Bill Jones are evidence of wanton or willful misconduct, unrelated to construction or maintenance of the canal, affording a possible basis for liability to a trespasser of any age, regardless of the inapplicability of the attractive nuisance doctrine. In *Barry v. Southern Pacific Co.*, 64 Ariz. 116, 166 P.2d 825 (1946), the court approved the following definition of such misconduct:

> "The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him." 64 Ariz. at 121, 166 P.2d at 828.

In *Salladay*, the maintenance of an open and accessible canal on premises where the presence of young children might be reasonably anticipated presented a question of negligence which was rejected as a basis for liability. Here, the alleged failure of Jones to take any action to remove the children, with knowledge of their presence and the danger to them, or to warn them or their parents, presents an entirely different question, i. e., whether he acted with reckless disregard for the safety of plaintiff's deceased son. If he so acted within the scope and course of his employment, neither *Salladay* nor its progeny would immunize Jones or his employers from liability.

Reversed and remanded for further proceedings.

HOWARD, and HATHAWAY, JJ., concurring.