666 P.2d 1092

E. Francis MULLIGAN and Gloria Mulligan, husband and wife, Plaintiffs/Appellants,

v

Jack GRACE, County Attorney, and Coconino County Government, Defendants/Appellees.

No. 1 CA–CIV 6216.

Court of Appeals of Arizona, Division 1.

May 10, 1983.

Rehearing Denied June 16, 1983.

Review Denied July 19, 1983.

E. Francis Mulligan, in pro. per.

Wilson, Gaylord & Grimsrud by Robert E. Gaylord, Flagstaff, for defendants/appellees.

## OPINION

BIRDSALL, Judge.

This appeal is from the dismissal of the plaintiffs/appellants' second amended complaint on the ground it failed to state a claim since the defendant county attorney was immune from liability. We affirm.

Appellant E. Francis Mulligan was convicted in 1979 on arson and insurance fraud charges. The convictions and sentences were appealed and affirmed in *State v. Mulligan*, 126 Ariz. 210, 613 P.2d 1266 (1980). He was ordered to repay Coconino County the cost of his legal services. A writ of execution was subsequently obtained by Coconino County Attorney Jack Grace, and a lis pendens was recorded on appellants' property. The property was subsequently sold and the debt satisfied. On August 31, 1979, appellants filed their original complaint against Grace. An amended complaint was filed on June 12, 1980, and Grace thereupon filed a motion to dismiss the complaint pursuant to Rule 12(b), Arizona Rules of Civil Procedure, 16 A.R.S. The motion was granted, but appellants were permitted to file their second amended complaint on April 17, 1981, the caption of which reads: "E. FRANCIS MULLIGAN, et. ux, Plaintiffs, vs. JACK GRACE, County Attorney, COCONINO COUNTY GOVERNMENT, et. al., Defendant [sic]." Grace remained the only defendant who had been served and who ever appeared. He again moved to dismiss, the motion being granted on January 7, 1982.[1]

The second amended complaint reads as follows:

"COMES NOW E. Francis Mulligan and Gloria Mulligan with their amended complaint before the Court.

That as so stated in the original complaint Jack Grace acting in behalf of Coconino County and under direct orders from Coconino County Government did violate Gloria Mulligan's and E. Francis Mulligan's rights by willfully and acting in bad faith remove from them their only vehicle under a Writ of Les (sic) Pendens. And, then still acting in bad faith did violate their rights by placing an illegal lien against their home. And, still with malide did violate their rights under the Constitution of the State and the Land by forcing Gloria Mulligan and her five children out of Coconino County for the purpose of insuring that E. Francis Mulligan would not return to publish his newspaper and practice his right under the Constitution, that of free speech, a direct violation of the first amendment.

TO WIT, the Coconino County Government has acted in bad faith and has violated the Mulligan's rights under the Arizona and U.S. Constitution."

Judgment should be entered for a defendant when a complaint fails to state a claim. *Shannon v. Butler Homes, Inc.*, 102 Ariz. 312, 428 P.2d 990 (1967). Grace was acting in his official capacity when performing the acts complained of. He was relying on a judgment affirmed by the state supreme court, and all questions raised by appellants, and all those that might have been raised, were to be regarded as finally adjudicated. *State v. Griffith*, 54 Ariz. 436, 96 P.2d 752 (1939). In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47

---

1. We note that since the motion incorporated by reference the previous motion to dismiss and accompanying memorandum the dismissal was in the nature of a summary judgment. *Partin v. Olney*, 121 Ariz. 448, 591 P.2d 74 (1979).

L.Ed.2d 128 (1976), the United States Supreme Court stated that the common law immunity of a prosecutor when acting within the scope of his duties is based on the same considerations as immunity for judges and grand jurors and without the protection of the immunity,

> "... unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." 424 U.S. at 423, 96 S.Ct. at 991, 47 L.Ed.2d at 139.

The court held that the same reasoning provides absolute immunity to actions filed under 42 U.S.C.A. § 1983 against prosecutors as well as under common law theories. Since under A.R.S. § 11–532(A)(4), Grace, as Coconino County attorney, had the authority to recover the monies owed the county, the doctrine of immunity applied.

Grace was the only defendant who appeared or was served. Dismissal as to him was mandated by the immunity doctrine. Appellants alleged liability of the other defendants named in the caption solely on the doctrine of respondeat superior, and as such, their liability would depend on the necessary finding of liability on the part of their agent. Therefore, dismissal of the entire complaint was proper.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).