86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald K. NELSON, Plaintiff-Appellant,
v.
Thomas HENSON, Investigator; Abe Kakar, Investigator;
William Dzidaura, Investigator; Nolan Thompson,
Investigator; Eugene Sandoval, Captain; Peter Ortiz, Sgt.;
Darlene Lasswell, CSO; William R. White, Sgt.; A.J.
Rodriguez, CPO, II; Norman Green, CPO II; Sgt. Payne;
Sgt. Palosaari; Merry Lutz, Captain; Arizona Department of
Corrections, a State Agency; John Banker, Attorney; David
A. Brown, Deputy Attorney General; Navajo County, an
Arizona County, Defendants-Appellees.
 Nos. 94-16125, 94-16175.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1996.*
Decided May 23, 1996.
 
 Before: FERGUSON, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald K. Nelson, an Arizona State prisoner, appeals the district court's dismissal of his claims against his appointed advisory counsel, John Banker. No. 94-16125. He also appeals the judgment on the pleadings as to his claims against County Attorney David Brown and Navaho County, Arizona. No. 94-16175. Nelson's action on both constitutional and common law grounds was based upon his claim that his rights were violated when he was charged with and prosecuted for the murder of another Arizona State inmate, although the murder charges against him were subsequently dismissed. We affirm in part, reverse in part, and remand for further proceedings.[1]
 
 
 3
 1. Nelson asserts that the district court erred when it dismissed all of his claims against Banker, who had been appointed as advisory counsel in the murder prosecution against Nelson in state court. For the most part, we do not agree with him.
 
 
 4
 In general, a private attorney, even one appointed by the court, does not act under color of state law when he represents the defendant. See Polk County v. Dodson, 454 U.S. 312, 317-18, 102 S.Ct. 445, 449-50, 70 L.Ed.2d 509 (1981). Therefore, Nelson's civil rights claims against Banker under 42 U.S.C. § 1983 must fail, unless he can spell out a conspiracy between Banker and state officials. See Tower v. Glover, 467 U.S. 914, 922-23, 104 S.Ct. 2820, 2825-26, 81 L.Ed.2d 758 (1984); Butler v. Leen, 4 F.3d 772, 773 (9th Cir.1993) (per curiam); see also Burns v. County of King, 883 F.2d 819, 821 (9th Cir.1989) (per curiam) (absence of § 1985 conspiracy does not preclude § 1983 conspiracy claim).
 
 
 5
 That § 1983 conspiracy, if any, had to be one designed to deny Nelson access to the state courts or to interfere with his right of self-representation. Neither of those could possibly be viable claims. Certainly Banker did not deny Nelson's access to the law library or to an attorney. Indeed, Nelson wanted no attorney. Nor was access to the court itself denied. The most Banker could have conspired to do was to interfere with access to some discovery materials, but the pleading showed that no harm flowed from that. See Allen v. Sakai, 48 F.3d 1082, 1090 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1695, 131 L.Ed.2d 559 (1995).
 
 
 6
 As far as self-representation is concerned, we have no doubt that a defendant has the right to be free from substantial interference which harms him by taking away his ultimate control over his defense. See McKaskle v. Wiggins, 465 U.S. 168, 174, 104 S.Ct. 944, 949, 79 L.Ed.2d 122 (1984). Outside the presence of the jury, that right is vindicated if the defendant can speak freely with the court and if any disagreements with counsel are resolved in the defendant's favor. Id. at 179, 104 S.Ct. at 951. Here, again, Nelson had all of those rights, and his pleading documented that no ultimate harm flowed from any acts of Banker.
 
 
 7
 In short, if Banker did enter into a conspiracy to interfere with Nelson's obtaining of relief in his case, that conspiracy was entirely ineffectual. The simple fact was that Nelson obtained dismissal of the murder indictment against him at the same time and under the same circumstances as all of the other defendants. He spoke freely to the state court judge, and he obtained the relief he wanted. He can spell out no § 1983 claim against Banker.
 
 
 8
 Nelson's assertion that the district court improperly dismissed his claims under 42 U.S.C. §§ 1985 and 1986 is also invalid. To the extent that those claims were based upon interference with state court proceedings under § 1985(2) or upon § 1985(3), Nelson was required to plead a class-based animus. See Portman v. County of Santa Clara, 995 F.2d 898, 909 (9th Cir.1993); Caldeira v. County of Kawai, 866 F.2d 1175, 1182 (9th Cir.), cert. denied, 493 U.S. 817, 110 S.Ct. 69, 107 L.Ed.2d 36 (1989). However, not just any group or class will do. Nelson was required to plead that he was a member of a group that "require[s] and warrant[s] special federal assistance in protecting [its] civil rights." DeSantis v. Pacific Tel. & Tel. Co., Inc., 608 F.2d 327, 333 (9th Cir.1979); see Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985); cf. Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Nelson asserts that his group is those whites who are thought to be part of the Aryan Brotherhood organization. There is nothing about that group that warrants special protection, and there is not the slightest possibility that any amount of pleading could cure the deficiency. Thus, the district court properly granted the motion to dismiss the §§ 1985 and 1986 claims as to Banker. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1040 (9th Cir.1990), cert. denied, 502 U.S. 957, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991). Therefore, the federal claims against Banker must fail.[2]
 
 
 9
 Finally, the district court did not abuse its discretion when it determined that it could decline jurisdiction over the state claim for infliction of emotional distress (claim twelve) as it related to Banker. See O'Connor v. State of Nevada, 27 F.3d 357, 362-63 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1367, 131 L.Ed.2d 223 (1995). However, the district court erred when it, in effect, adjudicated that state claim by dismissing it with prejudice. Once the district court declined jurisdiction, it could not dismiss with prejudice. See Kalt v. Hunter (In re Hunter), 66 F.3d 1002, 1006 (9th Cir.1995).
 
 
 10
 2. The district court correctly dismissed all claims against County Attorney Brown. It is clear that all of Brown's actions were performed in pursuit of his adversary duties as a prosecutor. He was, therefore, entitled to absolute immunity, and that cannot be circumvented by the simple expedient of pleading a conspiracy. See Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc). The same immunity applies to the state claims. See Challenge, Inc. v. State ex rel. Corbin, 673 P.2d 944, 948 (Ariz.Ct.App.1983); Mulligan v. Grace, 666 P.2d 1092, 1093-94 (Ariz.Ct.App.1983). No amount of amendment of Nelson's claims can overcome those defects. Cf. Ashelman, 793 F.2d at 1078. Therefore, dismissal with prejudice was proper.
 
 
 11
 3. Nelson also attempted to spell out a claim against Navaho County on the theory that the wrongful actions alleged against Brown should be attributed to it.
 
 
 12
 Civil rights claims will lie against local public entities. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681 (9th Cir.1984). Moreover, even if individual employees of the entity--such as Brown--have immunity, the entity is not immune. See Ybarra, 723 F.3d at 681. Of course, a mere claim that an employee did something wrong will not suffice to show that the county itself is liable. What must be pled was that the wrong was pursuant to county policy or custom. But even a single action might establish policy, if the action is taken by a person who has final policymaking authority for the public entity. See City of St. Louis v. Praprotnik, 485 U.S. 112, 123, 108 S.Ct. 915, 924, 99 L.Ed.2d 107 (1988) (plurality opinion). And if the final policymaker "approve[s] a subordinate's decision and the basis for it," that might amount to ratification which makes the entity liable. Id. at 127, 108 S.Ct. at 926.
 
 
 13
 Nelson did not plead enough to assert a claim against the county. However, we are unable to say that he could not do so. The district court should have explained the deficiency and given Nelson an opportunity to amend before it dismissed his complaint with prejudice. See Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir.1995) (per curiam); see also Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623-24 (9th Cir.1988).
 
 
 14
 4. Therefore, we affirm the dismissal of all of the claims against Brown with prejudice; we affirm the dismissal of all of the federal claims against Banker with prejudice, but set aside the dismissal of the state intentional infliction of emotional distress claim with prejudice so that the district court can reenter it without prejudice; and we reverse dismissal of the claims against Navaho County and remand for further proceedings.
 
 
 15
 AFFIRMED in part, REVERSED in part, and REMANDED. The parties shall bear their own costs on appeal.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the caption of this case includes all defendants, the only defendants involved in these appeals are Banker, Brown, and Navajo County
 
 
 [2]
 As to some of the defendants, Nelson may also have been attempting to spell out a claim that he was injured because of his activity or proposed activity regarding federal court actions. If so, that claim would not require class based animus. See Portman, 995 F.2d at 909. The district court did not seem to focus on that distinction, but as to Banker it makes no difference. It is obvious from Nelson's detailed pleading regarding Banker that nothing Banker did, or could have done, involved Nelson's federal court access or attendance. Thus, Nelson's charges against him under §§ 1985 and 1986 were properly dismissed with prejudice