NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

MICHAEL AMSDEN, SR.,
*Plaintiff/Appellant,*

*v.*

BUCKEYE WATER CONSERVATION AND DRAINAGE DISTRICT,
*Defendant/Appellee.*

No. 1 CA-CV 17-0656
FILED 2-28-2019

---

Appeal from the Superior Court in Maricopa County
No. CV2015-054804
The Honorable Aimee L. Anderson, Judge (Retired)

**AFFIRMED**

---

COUNSEL

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Co-Counsel for Plaintiff/Appellant*

Mushkatel, Robbins & Becker, P.L.L.C., Sun City
By Zachary Evan Mushkatel
*Co-Counsel for Plaintiff/Appellant*

The Cavanagh Law Firm, P.A., Phoenix
By Karen C. Stafford, Cassandra V. Meyer
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

¶1        Michael Amsden, Sr. ("Amsden"), appeals the superior court's dismissal of his complaint against Buckeye Water Conservation and Drainage District ("BWCDD") and denial of his motion to set aside the judgment.[1]  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        On the night of April 30, 2015, Amsden observed a rollover collision as he was driving near Rainbow and Baseline Roads in Buckeye. Amsden pulled over to assist the injured but suffered serious injury himself after he left his vehicle and fell into an unmarked and uncapped irrigation box.

¶3        Amsden filed a complaint against the Town of Buckeye, BWCDD, and Roosevelt Irrigation District.  He alleged negligence and premises liability but did not allege BWCDD's conduct was willful or wanton.  As to BWCDD, Amsden alleged in relevant part as follows,

> . . . Defendant BWCDD was engaged in the operation of a business entity providing irrigation water to the public . . .
>
> Defendant BWCDD managed, maintained, or otherwise controlled the manhole . . .
>
> Defendant BWCDD, while operating within the scope of its operation as a political subdivision of the State of Arizona, impliedly and expressly warranted that the public, including the Plaintiff, would be protected against unreasonable risks of

---

[1]        BWCDD moves to strike Section Six and Appendix 1 of Amsden's opening brief, in which Amsden references newspaper articles not part of the record below.  Because we are confined to a review of the record, we grant the motion. *See West v. Baker*, 109 Ariz. 415, 418-19 (1973).

harm when utilizing the areas leading up to, around and adjacent to its manholes. . . .

Defendant BWCDD is charged with the responsibility of providing reasonably safe premises in the areas leading up to and around the manhole . . . .

Defendants negligently failed to maintain the area in and around the manhole by allowing the overgrowth of shrubbery to obstruct its hazardous condition from the public. . . .

one or more of the Defendants failed to warn the public, including the Plaintiff, of the potentially hazardous conditions in the areas leading up to and around the manhole by failure to provide barriers, barricades, clearly marked warning placards, caution tape in and around the area or any other mechanism of noticing the hazardous condition. . . .

Defendants negligently failed to secure the manhole with a covering to prevent injury to the public, including the Plaintiff. . . .

Defendants owed a duty of care to Plaintiff and breached that duty of care . . .

Defendants owed a duty to the public, including the Plaintiff to keep its premises safe from dangerous conditions. . . .

Defendants had a duty to warn of the dangers posed by the manhole . . .

Defendants' negligence created an unreasonable risk of bodily harm to the Plaintiff. . . .

Defendants failed to properly inspect, supervise and insure proper maintenance, including covering over the manhole . . .

Defendants created an unreasonable hazardous condition and obstruction . . . Said risk to the public was foreseeable. . . .

> Defendants failed to warn the public, including the Plaintiff, of the danger presented by the manhole that was left obscured from visibility, unmarked and uncapped . . .

> Defendants failed to exercise the degree of care required under the circumstances. . . .

**¶4**　　　　BWCDD moved for judgment on the pleadings under Arizona Rule of Civil Procedure ("Rule") 12(c), arguing that BWCDD was immune from Amsden's tort claims under the *Salladay* doctrine and that BWCDD owed Amsden no duty because Amsden was a trespasser when he entered BWCDD's property. *Salladay v. Old Dominion Copper Mining & Smelting Co.*, 12 Ariz. 124 (1909); *see* ¶ 9 *infra*. In response, Amsden argued the doctrine did not provide BWCDD immunity, and, relying on § 368 of the Restatement (Second) of Torts, disputed whether he was a trespasser. The superior court found the *Salladay* doctrine applied, and additionally, that Amsden was a trespasser to whom BWCDD owed no duty of care. As such, it granted BWCDD's motion for judgment on the pleadings, dismissing Amsden's claims against BWCDD with prejudice under Rule 54(b).

**¶5**　　　　Amsden moved to set aside the judgment under Rules 59 and 60, arguing abuse of discretion, errors of law, that the ruling was contrary to law, and that the judgment was the result of mistake of fact and law. Also, in the motion, Amsden argued for the first time that the *Salladay* doctrine violated the Arizona Constitution and was against public policy. After hearing argument, the court denied Amsden's motion, ruling, *inter alia*, Amsden had waived his constitutional and public-policy arguments by failing to raise them in response to the motion for judgment on the pleadings.

**¶6**　　　　Amsden timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

**DISCUSSION**

I.      Applicability of the *Salladay* Doctrine[2]

**¶7**      On appeal from a judgment on the pleadings, we review the superior court's legal conclusions *de novo*, accepting the factual allegations of the complaint as true. *Mobile Cmty. Council for Progress, Inc. v. Brock*, 211 Ariz. 196, 198, ¶ 5 (App. 2005). We review the denial of a Rule 59 motion for new trial and Rule 60 motion for relief from judgment for an abuse of discretion. *City of Phoenix v. Geyler*, 144 Ariz. 323, 328 (1985) (Rule 60); *Mullin v. Brown*, 210 Ariz. 545, 547, ¶ 2 (App. 2005) (Rule 59).

**¶8**      Amsden argues the superior court erred in granting BWCDD's motion for judgment on the pleadings on the basis of the *Salladay* doctrine because he was a licensee upon the property and not a trespasser. Because he was a licensee, Amsden's argument goes, BWCDD owed him a duty of reasonable care.

**¶9**      Under the *Salladay* doctrine, irrigation districts are "almost complete[ly]" immune in their maintenance of canals, diversion points, and equipment needed to operate a water distribution system. *Dombrowski v. Maricopa Cty. Mun. Water Conservation Dist. No. 1*, 108 Ariz. 275, 276 (1972); *see Salladay*, 12 Ariz. at 129-30; *Salt River Valley Water Users' Ass'n v. Superior Court*, 178 Ariz. 70, 75-76 (App. 1993) (*Salladay* is limited exception to attractive nuisance doctrine because irrigation systems are "indispensable for the maintenance of life and prosperity" and, while dangerous and alluring to children, they are also "practically impossible to render harmless"). In Arizona the rule is well settled "that it is not negligence to carry water for farming purposes in an open ditch or open flume." *City of Glendale v. Sutter*, 54 Ariz. 326, 330 (1939). *Salladay* established a public policy that confers immunity upon BWCDD that shields it, absent willful or wanton conduct, from any liability for failing to protect trespassers—young or old—from the open irrigation box. In assessing whether a person is a trespasser, "[t]he determining fact is the presence or absence of a privilege to enter or to remain on the land, and the status of an accidental trespasser is still that of a trespasser." *Hersey v. Salt River Valley Water Users' Ass'n*, 10 Ariz. App. 321, 325 (App. 1969).

---

2      On appeal Amsden argues the *Salladay* doctrine violates the Arizona Constitution. Because he did not challenge the constitutionality of the doctrine in the superior court, the argument is waived on appeal and we do not address it. *Conant v. Whitney*, 190 Ariz. 290, 293 (App. 1997).

¶10          *Salladay* bars Amsden's claim.  BWCDD was engaged in the operation of providing irrigation water to the public in the Buckeye Valley. In that capacity BWCDD managed, maintained, or otherwise controlled the irrigation box into which Amsden so unfortunately fell and was injured. Amsden, though well-intentioned, purposefully entered the land without a privilege to enter or remain therein.  As such, he was a trespasser, and BWCDD is immune from his negligence claim.

II.      Restatement (Second) of Torts §§ 197, 332, 345

¶11          Amsden also argues that, as a rescuer of other travelers, he was privileged to enter the land such that BWCDD owed him the same duty of reasonable care it would owe a licensee.  *See* Restatement (Second) of Torts § 197 (1965) (privilege to enter land to prevent serious harm to another); *see also* § 332 (invitee defined).  Section 345 states, in part, that,

> the liability of a possessor of land to one who enters the land
> only in the exercise of a privilege, for either a public or a
> private purpose, and irrespective of the possessor's consent,
> is the same as the liability to a licensee.

Restatement (Second) of Torts § 345 (1965).  However, the possessor owes a duty under this provision only if the possessor knows or has "reason to anticipate that the visitor is upon the land, or will enter in the exercise of his privilege, and that he will be endangered by the condition."  *Id.* at § 345 cmt. d.  "When the possessor, as in the present case, knows of the licensee's presence on his premises his duty requires that he exercise ordinary care to avoid injuring him."  *W. Truck Lines v. Du Vaull*, 57 Ariz. 199, 205 (1941). Amsden does not argue that BWCDD knew he was on its property but argues that it should have anticipated a pedestrian might be there because there are no sidewalks, paths or crosswalks nearby.  He cites no authority for the proposition, however, that a possessor of land has reason to anticipate that a pedestrian may be privileged to come onto property adjacent to a highway in an isolated area simply because the highway does not have a right-of-way that accommodates foot traffic.  Therefore, we hold BWCDD had no duty under § 345 to warn Amsden of the open irrigation box.

III.      Restatement (Second) of Torts § 368

¶12          Similarly, Amsden argues BWCDD owed him a duty of care under § 368 of Restatement (Second) of Torts because it was foreseeable that he would deviate from his travel on the highway to assist another motorist in peril.  Section 368 provides that,

A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who (a) are traveling on the highway, or (b) foreseeably deviate from it in the ordinary course of travel.

Restatement (Second) of Torts § 368 (1965). Section 368 is unavailing in this case because immunity under the *Salladay* doctrine would bar relief.

¶13 In *Hersey*, a child drowned after the car in which she was traveling rolled, throwing her into an irrigation canal. 10 Ariz. App. at 323. On appeal from a judgment for the irrigation project after the girl's parents sued, the court began by noting that, as a general proposition, "a possessor of land has no duty to a trespasser except to refrain from willful and wanton negligence[.]" *Id.* at 323. The court identified Restatement (Second) of Torts § 368 as a possible exception to that rule. *Id.* at 324-25. But the court held that even if § 368 might apply, the claim was barred under *Salladay*, and we must reach the same conclusion here. *Id.* at 327.

¶14 For the foregoing reasons, we find the superior court did not err in granting BWCDD's motion for judgment on the pleadings and later denying Amsden's Rule 59 and Rule 60 motions. As the prevailing party, BWCDD is entitled to its costs on appeal upon compliance with ARCAP 21.

**CONCLUSION**

¶15 We therefore affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA